UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY FERNANDEZ,<br><br>           Petitioner,<br><br>   v.<br><br>JAMES A. YATES, Warden,<br><br>           Respondent. | 1:10-cv–00626-SKO-HC<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR VIOLATION OF THE ONE-YEAR STATUTE OF LIMITATIONS OF 28 U.S.C. § 2244(d) (Doc. 1)<br><br>ORDER DIRECTING RESPONSE TO BE FILED WITHIN THIRTY (30) DAYS |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on May 13, 2010 (doc. 6). Pending before the Court is the petition, which was filed on April 9, 2010.

    I.   Screening the Petition

    Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Procedural History

Petitioner, an inmate of the Pleasant Valley State Prison, is serving a sentence of thirty-five (35) years to life pursuant to a judgment of conviction of murder with a gun enhancement

sustained in Merced County in 1996.  Petitioner challenges his conviction because he contends that his plea of no contest was invalid because Petitioner was not informed of the intent element of the crime, he was not charged with first degree murder with malice aforethought and intent to skill, and the trial court did not address Petitioner personally to determine that his plea was voluntary and intelligent.  (Pet. 1, 9-12.)

Petitioner alleges that his claims were pending before the California Supreme Court in case number S177551 at the time the petition was filed here.  (Pet. 8.)  However, the official site for case information from the California appellate courts reflects the docket of Petitioner's case, of which this Court takes judicial notice.[1]  The docket shows that Petitioner's petition for writ of habeas corpus, filed in October 2009, was denied on April 14, 2010, with the following note:

> The petition for writ of habeas corpus is denied.
> (See In re Robbins (1998) 18 Cal.4th 770, 780.)
> George, C.J., was absent and did not participate.

Thus, from the petition and the docket, it appears that Petitioner has exhausted his state court remedies with respect to his claims.  (Pet. 5, 8.)

   III.   Limitation Period for Filing a Petition for Writ
          of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA sets forth various requirements for all habeas petitions filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 326-27

---

[1] It is appropriate to take judicial notice of the docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th Cir. 2010).

3

(1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 522 U.S. 1008 (1997).

The instant petition was filed after the date of the enactment of the AEDPA, and it is therefore subject to the provisions of the AEDPA.

The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

    A.   The Running of the Limitation Period

The AEDPA's one-year statute of limitations, as embodied in

4

§ 2244(d)(1), applies to habeas petitions challenging a conviction sustained in state court. See, Burton v. Stewart, 549 U.S. 147, 156 (2007). Pursuant to § 2244(d)(1)(A), the limitation period runs from the date on which the judgment became final. Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. Burton v. Stewart, 549 U.S. 147, 156-57 (2007). Petitioner alleges that the date of his judgment of conviction was May 6, 1996.

Under § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Petitioner alleges that he did not file an appeal from the judgment. (Pet. 1.) At the time when Petitioner was convicted, he was required to perfect an appeal by filing a notice or a statement in support of a certificate of probable cause within sixty (60) days after judgment was rendered. Cal. Ct. R. 31(d) [now R. 8.308]; Cal. Pen. Code § 1237.5. Thus, the one-year period would have commenced on July 5, 1996, and it would have continued to run, absent applicable statutory or equitable tolling, until it expired 365 days later on July 5, 1997.

However, as mentioned above, the petition was not filed until April 9, 2010, more than twelve years after the one-year period had expired. Therefore, unless Petitioner is entitled to either statutory or equitable tolling, the petition is untimely and must be dismissed.

///

B.  <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Under the AEDPA, the statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). A properly filed application is one that complies with the applicable laws and rules governing filings, including the form of the application and time limitations. <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000). An application is pending during the time that "a California petitioner completes a full round of [state] collateral review," as long as there is no unreasonable delay in the intervals between a lower court's decision and the filing of a petition in a higher court. <u>Delhomme v. Ramirez</u>, 340 F. 3d 817, 819 (9th Cir. 2003), abrogated on other grounds as recognized by <u>Waldrip v. Hall</u>, 548 F. 3d 729, 733 (9th Cir. 2008) (per curium) (internal quotation marks and citations omitted); <u>see</u>, <u>Evans v. Chavis</u>, 546 U.S. 189, 192-194 (2006); <u>Carey v. Saffold</u>, 536 U.S. 214, 220, 222-226 (2002); <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

However, there are circumstances and periods of time when no statutory tolling is allowed. For example, no statutory tolling is allowed for the period of time between the finality of an appeal and the filing of an application for post-conviction or other collateral review in state court because no state court application is "pending" during that time. <u>Nino</u>, 183 F.3d at 1006-1007; <u>Raspberry v. Garcia</u>, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006). Similarly, no statutory tolling is allowed for the period

6

between the finality of an appeal and the filing of a federal petition. <u>Nino</u>, 183 F.3d at 1007. In addition, the limitation period is not tolled during the time that a federal habeas petition is pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 172 (2001). Further, a petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. <u>Ferguson v. Palmateer</u>, 321 F.3d 820, 823 (9th Cir. 2003); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001). Finally, a petitioner is not entitled to continuous tolling when the petitioner's later petition raises unrelated claims. <u>See</u>, <u>Gaston v. Palmer</u>, 447 F.3d 1165, 1166 (9th Cir. 2006).

Here, Petitioner alleges that he filed a petition in the Merced Superior Court, which was denied in October 2008. (Pet. 3.) Petitions were later filed in the California Court of Appeal and the California Supreme Court. Although the date on which the first state petition was filed is not set forth, it is logical to assume that the one-year limitation period, which terminated in 1997, had run before Petitioner filed his first state petition.

A petitioner is not entitled to tolling where the limitations period has already run before a state habeas petition is filed. <u>Green v. White</u>, 223 F.3d 1001, 1003 (9th Cir. 2000); <u>Jiminez v. Rice</u>, 276 F.3d 478, 482 (9th Cir. 2001).

Accordingly, it appears that Petitioner is not entitled to statutory tolling on the basis of any petitions filed in state court. Therefore, unless Petitioner is entitled to equitable tolling, the petition must be dismissed as untimely.

    C. <u>Actual Innocence</u>

Petitioner argues that he is actually innocent of the

7

offense of which he was convicted; thus, he is exempt from the one-year limitation of § 2244(d). (Pet. 7-8.) However, in this circuit it is established that there is no "actual innocence" exception to the AEDPA's one-year limitation period. Lee v. Lampert, 610 F.3d 1125, 1128-31 (9th Cir. 2010). Therefore, for purposes of this order to show cause, Petitioner is advised that an attempt by Petitioner to come within an exception based on actual innocence would be unsuccessful.

### D.   Equitable Tolling

The one-year limitation period of § 2244 is subject to equitable tolling where the petitioner has been diligent, and extraordinary circumstances, such as the egregious misconduct of counsel, have prevented the petitioner from filing a timely petition. Holland v. Florida, – U.S. –, 130 S.Ct. 2549, 2560 (2010). The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence required for equitable tolling is reasonable diligence, not "maximum feasible diligence." Holland v. Florida, 130 S.Ct. at 2565.

"[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002)). Petitioner bears the burden of alleging facts that would give rise to equitable tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).

///

1    Here, Petitioner has made no express claim of entitlement to
2 equitable tolling.  Petitioner was represented by counsel at the
3 time he entered his plea, which was part of a plea bargain by
4 which Petitioner avoided a sentence of life without the
5 possibility of parole.  (Pet. 15-29, 33-35.)  Based on the record
6 now before the Court, the Court sees no basis for a claim of
7 equitable tolling.
8    Accordingly, the Court's preliminary finding is that
9 Petitioner is not entitled to equitable tolling.  Thus, it
10 appears that the petition is untimely and should be dismissed.
11    III.  Disposition
12    For the foregoing reasons, it is ORDERED that:
13    1.  Petitioner is ORDERED TO SHOW CAUSE within thirty (30)
14 days of the date of service of this order why the petition should
15 not be dismissed for violation of the one-year statute of
16 limitations in 28 U.S.C. § 2244(d).
17    Petitioner is forewarned that his failure to comply with
18 this order may result in a recommendation that the petition be
19 dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:    December 16, 2010**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE

9