UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY FERNANDEZ,<br><br>        Petitioner,<br>   v.<br><br>LELAND McEWEN, Warden,<br><br>        Respondent. | 1:10-cv—00626-AWI-SKO-HC<br><br>ORDER SUBSTITUTING LELAND McEWEN AS RESPONDENT<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE PETITION (DOCS. 17, 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITH PREJUDICE (DOC. 1), ENTER JUDGMENT FOR RESPONDENT, AND DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is Respondent's motion to dismiss the petition for untimeliness, which was served and filed on August 25, 2011, along with lodged documents. Petitioner did not file an opposition or a notice of non-opposition. Pursuant to Local Rule 230(l), the motion is submitted for decision without oral argument.

1

I.  <u>Substitution of Respondent</u>

Respondent states that the current warden of the Pleasant Valley State Prison (PVSP), Petitioner's place of confinement at the time of the filing of the motion to dismiss, is Robert H. Trimble.  Respondent requests his substitution as the named respondent.  The Court notes, however, that on September 26, 2011, Petitioner filed a notice that his custodial institution has changed to the Calipatria State Prison.  The current acting warden at that institution is Leland McEwen.

Accordingly, it is ORDERED that Leland McEwen be SUBSTITUTED as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.  <u>See</u>, <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992).

II.  <u>Motion to Dismiss for Untimeliness</u>

Respondent has filed a motion to dismiss the petition on the ground that the petition was untimely filed.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...."

In the Ninth Circuit, respondents have been allowed to file a motion to dismiss pursuant to Rule 4 instead of an answer if the motion to dismiss attacks the pleadings by claiming that the petitioner has failed to exhaust state remedies or has violated the state's procedural rules.  <u>See</u>, <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate a motion to dismiss a petition for failure to exhaust state remedies);

2

<u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 to review a motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D.Cal. 1982) (same). Thus, a respondent may file a motion to dismiss after the Court orders the respondent to respond, and the Court should use Rule 4 standards to review a motion to dismiss filed before a formal answer. <u>See,</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss addresses the timing of the filing of the petition. The material facts pertinent to the motion are mainly to be found in copies of the official records of state judicial proceedings which have been provided by Respondent and Petitioner, and as to which there is no factual dispute. Because Respondent has not filed a formal answer and because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

  III.   <u>The Limitations Period</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997).

Application of the mailbox rule results in a finding that Petitioner filed his petition for writ of habeas corpus on April

3

5, 2010.[1]  (Pet. 13.)  Thus, the AEDPA applies to the petition.

The AEDPA provides a one-year period of limitation in which a petitioner must file a petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  It further identifies the pendency of some state proceedings for collateral review as a basis for tolling the running of the period.  As amended, subdivision (d) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Under the mailbox rule, a prisoner's pro se habeas petition is "deemed filed when he hands it over to prison authorities for mailing to the relevant court." Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001); Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to federal and state petitions alike. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (citing Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th. Cir. 2003), and Smith v. Ratelle, 323 F.3d 813, 816 n.2 (9th Cir. 2003)). Here, the Court infers that the date the petition was signed is the earliest possible date an inmate could submit his petition to prison authorities for filing under the mailbox rule. See, Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds, Pace v. DiGuglielmo, 544 U.S. 408 (2005).

4

28 U.S.C. § 2244(d).

IV. <u>Background</u>

Petitioner pled no contest in the Merced County Superior Court to murder and admitted a sentencing enhancement. On June 11, 1996, Petitioner was sentenced to an indeterminate state prison term of thirty-five years to life. (LD 1.)[2]  Petitioner did not appeal his sentence.

Petitioner filed three pro se state post-conviction collateral challenges to the pertinent judgment, all in the form of petitions for writs of habeas corpus.

On October 5, 2008, Petitioner filed the first petition in the Merced County Superior Court (LD 2); the petition was denied on October 28, 2008 (LD 3, 1). The Superior Court denied the claims on the merits, but it also ruled that the petition was untimely under <u>In re Robbins</u>, 18 Cal.4th 770, 780-81 (1998), and that Petitioner had failed to justify the substantial, twelve-year delay between his sentencing and the filing of the petition for habeas relief pursuant to <u>In re Clark</u>, 5 Cal.4th 750, 759. (<u>Id.</u> at 1-3.)

On October 31, 2008, Petitioner filed a petition in the California Court of Appeal, Fifth Appellate District (DCA) (LD 4), which summarily denied the petition on November 13, 2008 (LD 5).

On October 27, 2009, Petitioner filed a petition in the California Supreme Court (LD 6), which denied the petition on April 14, 2010, with a citation to <u>In re Robbins</u>, 18 Cal.4th 770,

---

[2] "LD" refers to documents lodged by Respondent in support of the motion to dismiss.

5

780 (1998) (LD 7).

Petitioner filed his federal habeas petition in the instant action on April 5, 2010. (Pet., doc. 1, 13.)

V. Analysis

   A. Commencement of the Running of the Statute

Respondent contends that pursuant to § 2244(d)(1)(A), the limitation period ran from the date on which the judgment became final.

Under § 2244(d)(1)(A), the "judgment" refers to the sentence imposed on the petitioner. Burton v. Stewart, 549 U.S. 147, 156-57 (2007). Sentence was imposed on Petitioner on June 11, 1996.

Additionally, pursuant to § 2244(d)(1)(A), a judgment becomes final either upon the conclusion of direct review or the expiration of the time for seeking such review in the highest court from which review could be sought. Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001). Petitioner did not file an appeal from the judgment. At the time when Petitioner was convicted, he was required by state law to perfect an appeal by filing a notice or a statement in support of a certificate of probable cause within sixty (60) days after judgment was rendered. Cal. Ct. R. 31(d) [now R. 8.308]; Cal. Pen. Code § 1237.5. In Petitioner's case, the sixty-day period following sentencing would have expired on August 10, 1996.

The Court will apply Fed. R. Civ. P. 6(a) in calculating the pertinent time periods. Fed. R. Civ. P. 6(a); see, Waldrip v. Hall, 548 F.3d 729, 735 n.2 (9th Cir. 2008); Patterson v. Stewart, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (holding analogously that the correct method for computing the running of

6

the one-year grace period after the enactment of AEDPA is pursuant to Fed. R. Civ. P. 6(a), in which the day upon which the triggering event occurs is not counted).  The Court concludes that the one-year limitation period would have commenced on August 11, 1996, the day following the last day of the sixty-day period, and it would have continued to run, absent applicable statutory or equitable tolling, until it expired 365 days later on August 11, 1997.

Here, the petition was filed on April 5, 2010.  Thus, absent any tolling, it was filed outside the one-year limitation period provided for by the statute.

      B.  <u>Statutory Tolling pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2).

Once a petitioner is on notice that his habeas petition may be subject to dismissal based on the statute of limitations, he has the burden of demonstrating that the limitation period was sufficiently tolled by providing pertinent dates of filing and denial, although the state must affirmatively argue that the petitioner failed to meet his burden of alleging the tolling facts; simply noting the absence of such facts is not sufficient.  <u>Smith v. Duncan</u>, 297 F.3d 809, 814-15 (9th Cir. 2002).

Here, Petitioner did not file his first state petition for collateral relief until October 5, 2008.  Thus, the statutory

7

period had run by the time any application for collateral relief was filed in the state courts.

A petitioner is not entitled to statutory tolling where the limitation period has already run prior to filing a state habeas petition. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Thus, Petitioner has not met his burden of showing that the running of the statute was tolled by the pendency of a properly filed state petition.

Further, as Respondent notes, Petitioner's proceedings for collateral relief in state court were not properly filed. An application for state post-conviction or other collateral review is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as provisions concerning the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4, 8 (2000). An untimely petition does not toll the running of the limitation period because state time limits are conditions to filing which render a petition not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (petition rejected by state courts as untimely).

Here, Petitioner's first and third state petitions were expressly found untimely by the state courts. The Superior Court denied the first state petition, finding in pertinent part that the petition was untimely under In re Robbins (1998) 18 Cal.4th 770, 780-781. (LD 3.) The California Supreme Court denied the

8

third state petition with a citation to In re Robbins, 18 Cal.4th at 780. (LD 7.) Robbins stands for the proposition that delayed and repetitious claims will not be condoned; a citation to Robbins at 780 means that the petition was untimely. Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

The second state petition was denied without comment or citation. (LD 5.) It is presumed that the state appellate court did not silently disregard the last reasoned opinion of the Superior Court (LD 3), in which the court found the petition was procedurally deficient. Cf. Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991).

Thus, in addition to having been too late to toll the statute, Petitioner's three state petitions were not properly filed and did not toll the limitations period for purposes of 28 U.S.C. § 2244(d)(2). Pace v. DiGulielmo, 544 U.S. 408, 414-15.

It is concluded that the running of the limitations period was not tolled by Petitioner's state court filings pursuant to § 2244(d)(2).

### C. Equitable Relief from the Statute

In the absence of opposition to the motion, the Court has reviewed the petition and notes that although Petitioner did not raise any basis for equitable tolling, he did argue that he was actually innocent.

In Lee v. Lampert, 653 F.3d 929, 932-33 (9th Cir. 2011), the court held that a credible claim of actual innocence constitutes an equitable exception to ADEPA's statute of limitations, and a petitioner who makes such a showing may pass through the Schlup gateway and have his otherwise time-barred claims heard on the

9

merits. Thus, if an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional claims heard on the merits. Lee, 653 F.3d at 937.

It is the petitioner's burden to produce sufficient proof of actual innocence to bring him within the narrow class of cases implicating a fundamental miscarriage of justice. Lee v. Lampert, 653 F.3d at 937. The Petitioner must submit new, reliable evidence that undercuts the reliability of the proof of guilt and is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error. Id. at 937-38 (citing Schlup v. Delo, 513 U.S. 298, 314-16 (1995)). The evidence may be exculpatory scientific evidence, trustworthy eyewitness accounts, and critical physical evidence. A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The Court considers all new and old evidence and makes a probabilistic determination of what reasonable, properly instructed jurors would do. Id. at 938. The court in Lee expressly declined to decide what level, if any, of diligence is required for one raising the equitable exception of actual innocence. Lee v. Lampert, 653 F.3d at 934 n.9.

Here, the facts of Petitioner's commitment offense, as set forth by Petitioner, are that Petitioner, who was armed with a .22 caliber semi-automatic rifle, exited a vehicle along with armed and unarmed companions and demanded that the victim and her

10

1   companion hand over their money.  (Pet. 6.)  A "gunfight" ensued
2   with the two robbery victims, during which a bullet fired by
3   Petitioner injured and killed the victim.  Id.  Identical facts
4   were the subject of a stipulation that formed the factual basis
5   for the plea which Petitioner now seeks to set aside.  (Id. at
6   23-24.)  Petitioner entered a plea of no contest to first degree
7   murder with use of a firearm, which was prosecuted on a felony
8   murder theory of a killing that occurred during the commission of
9   an inherently dangerous felony.  (Id. at 22-23.)
10       In California, murder is the killing of a human being with
11  malice aforethought.  Cal. Pen. Code § 187(a).  Malice may be
12  either express, where there is manifested a deliberate intention
13  to take away the life of a fellow creature, or implied, where
14  there is an absence of considerable provocation, or when the
15  circumstances attending the killing show an abandoned and
16  malignant heart.  Cal. Pen. Code § 188.  However, the unlawful
17  killing of a human being, whether intentional, unintentional, or
18  accidental, which occurs as a result of the commission of, or an
19  attempt to commit, the crime of robbery is murder of the first
20  degree where the perpetrator had the specific intent to commit
21  robbery.  Cal. Pen. Code § 189; People v. Friend, 47 Cal.4th 1,
22  49 (2009).  The mental state required for first degree felony
23  murder is not malice or an intent to kill, but simply the
24  specific intent to commit the underlying felony; no intent to
25  kill, deliberation, premeditation, or malice aforethought is
26  needed.  People v. Gutierrez, 28 Cal.4th 1083, 1140-41 (2002).
27      In California, robbery is defined as the felonious taking of
28  personal property in the possession of another, from his person

or immediate presence, and against his will, accomplished by means of force or fear. Cal. Penal Code § 211. The elements include those of theft, i.e., taking property from the possession of the victim with the intent permanently to deprive the victim of the property, plus the application of force or fear to obtain property in the immediate presence of the victim. People v. Nguyen, 24 Cal.4th 756, 761-762 (2001); People v. Rush, 16 Cal.App.4th 20, 23 (1993); People v. Dominguez, 38 Cal.App.4th 410, 416 (1995).

Here, Petitioner stipulated at the time of his plea that he armed himself with a rifle, undertook with others to rob two people, initiated the robbery by demanding the victim's money, and shot one of the robbery victims in a conflict that immediately ensued. A reasonable trier of fact could conclude that Petitioner specifically intended to rob the victims because it may be inferred that his purpose was to deprive the victims of property on their persons by means of force or fear. A reasonable juror could further have concluded that the killing occurred in the course of, and as a result of, the perpetration or attempted perpetration of robbery, a felony listed in Cal. Pen. Code § 189.

Accordingly, the Court concludes that Petitioner has not presented new, reliable evidence that renders it more likely than not that no reasonable juror would have convicted him in light of the new evidence. Petitioner has not made the required showing of actual innocence of the crime of first degree felony murder that would warrant an equitable exception to the statute of limitations.

In summary, the Court finds that the facts concerning the various state proceedings are undisputed. The petition was filed outside of the one-year statutory period, and Petitioner failed to demonstrate his entitlement to relief from the bar of the statute of limitations. Accordingly, it will be recommended that Respondent's motion to dismiss the petition as untimely be granted.

VI. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and, with respect to procedural issues, that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Id. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Habeas Rule 11(a).

Here, because the facts concerning the various state proceedings are undisputed, and because Petitioner failed to demonstrate by specific facts his entitlement to relief from the bar of the statute of limitations, jurists of reason would not find it debatable whether the Court was correct in its ruling.

Accordingly, it is concluded that Petitioner has not made a substantial showing of the denial of a constitutional right, and it will be recommended that the Court decline to issue a certificate of appealability.

VII. Recommendations

Accordingly, it is RECOMMENDED that:

1) Respondent's motion to dismiss the petition be GRANTED; and

2) The petition for writ of habeas corpus be DISMISSED with prejudice as untimely filed; and

3) The Clerk be DIRECTED to enter judgment for Respondent; and

4) The Court DECLINE to issue a certificate of

1  appealability.
2     These findings and recommendations are submitted to the
3  United States District Court Judge assigned to the case, pursuant
4  to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
5  the Local Rules of Practice for the United States District Court,
6  Eastern District of California.  Within thirty (30) days after
7  being served with a copy, any party may file written objections
8  with the Court and serve a copy on all parties.  Such a document
9  should be captioned "Objections to Magistrate Judge's Findings
10 and Recommendations."  Replies to the objections shall be served
11 and filed within fourteen (14) days (plus three (3) days if
12 served by mail) after service of the objections.  The Court will
13 then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
14 § 636 (b)(1)(C).  The parties are advised that failure to file
15 objections within the specified time may waive the right to
16 appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
17 1153 (9th Cir. 1991).

20 IT IS SO ORDERED.
21 **Dated:    January 3, 2012**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE